UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JULIUS REALTY CORPORATION, et al.,

Plaintiffs,

v.

DAWN E. THOMPSON,

Defendant.

Civil Action No. 20-4575 (MAS) (LHG)

**MEMORANDUM ORDER**

On April 3, 2020, Plaintiffs Julius Realty Corporation, James Westphal, Jr., and Scott Westphal ("Plaintiffs") initiated this action in New Jersey Superior Court. (Notice of Removal ¶ 1, ECF No. 1; Compl. 1, ECF No. 1-1 at *2–13.) On April 17, 2020, Plaintiffs applied for an order to show cause for why the New Jersey Superior Court should not enter a preliminary injunction. (Pls.' Proposed Order to Show Cause, ECF No. 1-1 at *36–41; Scott Westphal Cert., ECF No. 1-1 at *42–58; Pls.' Mem. of Law in Support of Order to Show Cause ("Support Br."), ECF No. 1-1 at *62–87.)[1] On April 20, 2020, Defendant Dawn Thompson ("Defendant") timely removed the action to this Court. (Notice of Removal 1.)

On April 23, 2020, the Court held a telephone conference regarding Plaintiffs' application for an order to show cause. (ECF No. 4.) The Court decided to consider Plaintiffs' application filed in the Superior Court and set a briefing schedule in consideration of the preliminary injunction. (ECF No. 7.) Defendant opposed the entry of a preliminary injunction (ECF No. 8), and Plaintiffs replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the

---

[1] Page numbers preceded by an asterisk refer to the page number of the ECF header.

matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' request for a preliminary injunction is denied.

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted). "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008) (citation omitted). The first two factors are the "most critical," and the Court considers these "gateway factors" before the third and fourth factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Only if a plaintiff meets the threshold for these gateway factors does the Court consider the remaining factors; a plaintiff's failure to establish the gateway factors in its favor renders a preliminary injunction inappropriate.[2] *Id.*

To demonstrate irreparable harm, a movant has the burden of establishing a "clear showing of immediate irreparable injury." *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citation omitted). "Establishing a risk of irreparable harm is not enough [to warrant a preliminary injunction]." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *see also Laidlaw, Inc. v. Student Transp. of Am.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) ("[T]he claimed injury cannot merely be possible, speculative[,] or remote." (citation omitted)), *holding abrogated by ADP v. Rafferty*, 923 F.3d 113 (2019). Moreover, "the injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it."

---

[2] Because the irreparable harm factor is dispositive here, the Court declines to address Plaintiffs' likelihood of success on the merits.

*Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotation marks and citation omitted).

Plaintiffs assert they face immediate, irreparable injury because "the Lawrence Property is at imminent risk of being placed under the Direct Oversight of the [New Jersey Department of Environmental Protection ('NJ DEP')]" and Plaintiffs "must bring the Lawrence Property into compliance with federal and state laws as well as comply with the NJ DEP's Mandatory Deadline of May 6, 2020." (Pls.' Support Br. 13 (emphasis omitted).) If the Lawrence Property were placed under direct oversight, Plaintiffs assert that cleanup of the site would be more expensive and that Plaintiffs would lose control of the ultimate remediation of the site. (*Id.*) Plaintiffs assert "the cost of the cleanup may have to be placed into a trust fund up front, placing Julius Realty's viability as an on-going business in ultimate peril." (*Id.* at 13–14.) Finally, Plaintiffs assert that Julius Realty cannot implement a remediation plan because Defendant controls the activities of Julius Realty's "service providers." (*Id.* at 14.) According to Plaintiffs, certain actions essential for a remediation plan—such as filing tax returns and corporate registration documents—have not been completed by Defendant and place Julius Realty in a "precarious situation." (*Id.*)

Defendant asserts that the NJ DEP's mandatory deadline is May 6, 2021—not May 6, 2020—so Plaintiffs face no immediate harm. (Def.'s Opp'n Br. 23, ECF No. 8.) Furthermore, Defendant asserts that Plaintiffs fail to establish that their alleged harm cannot be addressed by monetary damages.[3] (*Id.*) On reply, Plaintiffs concede the compliance deadline is May 6, 2021. (Pls.' Reply Br. 5, ECF No. 9.)

---

[3] Defendant also asserts that Plaintiffs lack standing to seek a preliminary injunction. The Court does not address standing arguments upon the pleadings here and permits Plaintiffs an opportunity to file an amended complaint to correct any standing issues.

The Court finds a preliminary injunction is inappropriate because Plaintiffs fail to establish a likelihood of immediate irreparable injury. Plaintiffs fail to show that their alleged harm is imminent, that it is more than merely speculative, and that it cannot be compensated by monetary damages. First, Plaintiffs fail to show an immediate injury arising from the Lawrence Property being placed under direct oversight because the compliance deadline is nearly one year from now. Second, direct oversight, the injuries arising from it, and any injuries related to filing essential documents are speculative. For example, Plaintiffs assert "the cost of the cleanup *may* have to be placed into a trust fund up front." (Pls.' Support Br. 13–14 (emphasis added).) Finally, Plaintiffs fail to establish that their alleged harm cannot be compensated by monetary damages. Plaintiffs assert Julius Realty faces greater costs as a result of Defendant's actions that place "Julius Realty's viability as an on-going business in ultimate peril." (*Id.*) But Plaintiffs fail to establish that monetary damages cannot afford complete relief. Because Plaintiffs fail to establish a likelihood of imminent, irreparable injury, and because failure to establish a single factor renders a preliminary injunction inappropriate, the Court denies Plaintiffs' application for an order to show cause and a preliminary injunction.

The Court, however, finds good cause to allow expedited discovery. "[E]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998) (quoting *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)). The Court finds that Plaintiffs establish a sufficient threat of ultimate—if not immediate—harm to warrant expedited discovery.

Accordingly, **IT IS** on this 19th day of May 2020, **ORDERED** that:

1. Plaintiffs' application for an order to show cause and a preliminary injunction (ECF No. 1-1) is **DENIED**;
2. Plaintiffs are entitled to expedited discovery;

3. By **May 26, 2020**, the parties must submit a joint proposed scheduling order to the Honorable Lois H. Goodman, U.S.M.J. If the parties are unable to agree to a joint proposed scheduling order, the parties must submit separate proposed scheduling orders by **May 26, 2020**;[4]

4. By **May 26, 2020**, Plaintiffs may file an amended complaint.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

---

[4] The parties should e-file their proposed scheduling order(s) as an attachment to correspondence.