**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JULIUS REALTY CORPORATION**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**DAWN E. THOMPSON**,<br><br>Defendant. | Civil Action No. 20-4575 (ZNQ) (DEA)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Appoint Fiscal Agent filed by Defendant Dawn E. Thompson ("Defendant"). ("Receiver Motion", ECF No. 127.) Defendant filed a Moving Brief in support of her Receiver Motion. ("Receiver Moving Br.", ECF No. 127-5.) Plaintiff Julius Realty Corporation ("Julius Realty") Opposed the Receiver Motion ("Receiver Opp'n", ECF No. 132) to which Defendant Replied ("Receiver Reply", ECF No. 135).

The Court will also consider Plaintiffs' Motion for Reconsideration or in the Alternative, to Amend the Complaint. ("Reconsideration Motion", ECF No. 128.) Plaintiff filed a Moving Brief in support of its Reconsideration Motion. ("Reconsideration Moving Br.", ECF No. 128-2.) Defendant Opposed the Reconsideration Motion ("Reconsideration Opp'n", ECF No. 133) to which Plaintiff Replied ("Reconsideration Reply", ECF No. 137).

1

Lastly, the Court will consider Defendant's Motion to Strike Exhibit D[1] of Plaintiff's Reconsideration Motion (ECF No. 134). ("Motion to Strike", ECF No. 136-7.) Plaintiff filed an Opposition to Defendant's Motion to Strike ("Strike Opp'n", ECF No. 142) to which Defendant Replied ("Strike Reply", ECF No. 143).

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion to Appoint Allen Wilen as Fiscal Agent, DENY Plaintiff's Motion for Reconsideration, GRANT Plaintiff's Motion to Amend its Complaint, and DENY Defendant's Motion to Strike.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts are set forth at length in the Court's July 28, 2022 Opinion. (ECF No. 24; *Julius Realty Corp. v. Thompson*, Civ. No. 20-4575, 2022 WL 2981003 (D.N.J. July 28, 2022).

The matter arises out of the alleged mismanagement of Julius Realty, a New Jersey corporation whose sole business consists of owning and leasing a property in Lawrence Township (the "Litho Property"). *Id.* at *1. Plaintiff U.S. Eagle Corporation ("U.S. Eagle") is a Delaware corporation whose sole business consists of managing its wholly owned subsidiary, Julius Realty. *Id.* Plaintiff James J. Westphal, Jr. ("Jim") is a Nevada resident and an officer and director of Julius Realty and U.S. Eagle. *Id.* Jim is the trustee of Plaintiff JJW Trust ("Jim Trust"), which owns 35.7% of U.S. Eagle common stock. *Id.* Plaintiff Scott K. Westphal ("Scott") is a Massachusetts resident and director of Julius Realty and U.S. Eagle. *Id.* Scott is the trustee of Plaintiff SKW Trust ("Scott Trust"), which owns 19.7% of U.S. Eagle common stock. Scott was

---

[1] Exhibit D is Plaintiff's Unredacted Proposed Third Amended Complaint.

appointed the proxy for the other shareholders of U.S. Eagle who represent approximately 23.19% of U.S. Eagle common stock. *Id*. The Jim Trust, Scott Trust, and Scott as proxy represent approximately 78.59% of the U.S. Eagle common stock.

Defendant Dawn E. Thompson resides in California and is, upon information and belief of Plaintiffs, the trustee of non-party Dawn E. Westphal Trust ("Dawn Trust"), which represents the rest of the U.S. Eagle common stock. *Id*. Defendant, Jim, and Scott are siblings. *Id*. Non-party Philip Thompson ("Philip") is the former husband of Dawn and was formerly involved with actions taken by U.S. Eagle and contested by Plaintiffs. *Id*.

Defendant joined the "family business" in or about June 21, 2005 as the Secretary of U.S. Eagle. *Id*. at *2. When requested by U.S. Eagle or its stockholders to distribute profits of Julius Realty to U.S. Eagle, Dawn refused and blocked all such efforts. *Id*. On or about August 16, 2010, Scott was informed via letter signed by Defendant as Secretary of U.S. Eagle that the entire Board of Directors of U.S. Eagle had been removed and replaced with new directors Dawn, Philip, and a third individual named Todd Bearup. *Id*. Such action was allegedly taken in violation of U.S. Eagle's By-laws, in part because Jim, the Jim Trust, and the Scott Trust did not vote for Scott's removal from the Board of Directors of U.S. Eagle. *Id*. Later, Defendant, in her capacity as Secretary of U.S. Eagle, sent a letter to Scott informing him that his employment by U.S. Eagle was terminated, effective August 19, 2010. *Id*.

Shortly after Scott's removal and termination, U.S. Eagle and its group of subsidiaries, including Julius Realty, entered into bankruptcy proceedings (the "Bankruptcy"), with Dawn primarily controlling the Bankruptcy proceedings on behalf of U.S. Eagle and Julius. *Id*. Julius Realty disposed of all but three properties after the chief restructuring officer engaged by the group

3

of entities marketed and posted them for sale. *Id*. Two of the remaining three were sold soon after the Bankruptcy reorganization. *Id*.

As U.S. Eagle and Julius Realty exited Bankruptcy, Defendant allegedly caused Julius Realty to enter an "employment and severance agreement" (the "Employment Agreement"). *Id*. Defendant allegedly offered her then-husband, Philip, a generous divorce settlement as he reviewed and approved the Employment Agreement on behalf of U.S. Eagle and Julius Realty. *Id*. The final draft of the Employment Agreement was not provided to the then-current members of the Board of Directors of Julius Realty or explained to the directors and stockholders of U.S. Eagle, Julius Realty's sole shareholder. *Id*.

Defendant allegedly engaged in a consistent pattern of corporate misdeeds, mismanagement, and theft of Julius Realty assets between 2014 and 2019. *Id*. Plaintiff alleges that: payments to Defendant were improper or not business expenses *id*.; Defendant failed to prepare minutes, hold annual meetings, or perform other directorial duties *id*.; and Defendant improperly loaned money to herself and Margaret H. Westphal ("Margaret"). *Id*.

On March 27, 2020, Jim Trust and Scott Trust, as majority stockholders of U.S. Eagle, notified Defendant that an annual stockholders' meeting would occur on April 6, 2020. *Id*. At the meeting, Defendant departed after objecting. *Id*. The remaining stockholders voted to remove the then-current directors of U.S. Eagle and to elect Scott and Jim to be the directors of U.S. Eagle effective immediately. *Id*. Scott and Jim, now the directors of U.S. Eagle, acted by written consent to remove all then-current officers of U.S. Eagle and to appoint Scott and Jim as officers.[2] *Id*.

On August 25, 2020, Scott and Jim filed an action in Delaware Chancery Court to determine the composition of U.S. Eagle's Board of Directors. *Id*. at *3. On October 16, 2020,

---

[2] The new U.S. Eagle Board of Directors appointed Scott as President and Secretary and Jim as Chairperson of the Board and Treasurer. (*Id*. ¶ 84.)

4

the Delaware Chancery Court signed and entered a Stipulation and Order of Voluntary Dismissal (the "Delaware Stipulation"). *Id*. Pursuant to the Delaware Stipulation, Scott, Jim, and Defendant stipulated that the U.S. Eagle board of directors was comprised of Scott, Jim, and Defendant on August 21, 2020. *Id.* On October 27, 2020, the stockholders of U.S. Eagle (except Defendant) acted by written consent to remove Defendant from U.S. Eagle's Board of Directors and to confirm Scott's and Jim's positions on the board, without prejudice to their position that she had already been validly removed months prior. *Id*. Through a number of other written consents, Scott and Jim removed Defendant from all positions with U.S. Eagle and Julius Realty. *Id.*

Defendant filed a motion to dismiss (ECF No. 92) and a motion to appoint a receiver or a fiscal agent (ECF No. 82) both of which were granted.

## II. LEGAL STANDARD

1. Motion to Appoint Fiscal Agent

In the spirit of providing "clearly necessary oversight in a manner which is no more intrusive than necessary," a court may appoint a receiver pendente lite or a special fiscal agent under Rule 66. *Leone Industries v. Associated Packaging, Inc.*, 795 F. Supp. 117, 120–21 (D.N.J. 1992); *see also Tanzer v. Huffines*, 408 F.2d 42 (3d Cir. 1969). Motions to Appoint a Receiver are interim equitable relief, akin to a motion for preliminary injunction. *See Fimbel v. Fimbel Door Corp.*, Civ. No. 14-1915, 2016 WL 1379788, at *2 (D.N.J. Apr. 7, 2016). "Temporary injunctions are customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial or at summary judgment, because there is no rule in the preliminary injunction context akin to the strict rules governing the form of affidavits that may be considered in summary judgment proceedings." *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 325 (3d Cir. 2015) (quotations and citation omitted).

2. <u>Motion for Reconsideration</u>

Rule 59(e) of the Federal Rules of Civil Procedure permits litigants to move to alter or amend a judgment within ten days of its entry. Similarly, Local Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Judge has overlooked" when it ruled on a motion. The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Reconsideration motions, however, may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 515–16 (D.N.J. 1996). Accordingly, such motions will be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly." *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)

### III. <u>DISCUSSION</u>

#### A. MOTION TO APPOINT FISCAL AGENT

In light of the Court's prior Order granting Defendant's Motion to Appoint Fiscal Agent (ECF No. 125), Defendant now moves to appoint Allen Wilen ("Wilen") of Eisner Advisory Group LLC as fiscal agent to oversee and safeguard the assets of U.S. Eagle Corporation and Julius Realty. (Receiver Moving Br. at 1.) In Opposition, Plaintiff argues that the Motion to Appoint Fiscal Agent is premature because Plaintiff seeks reconsideration of the Court's July 28, 2022 Opinion and Order. (Receiver Opp'n at 3.) However, as is discussed below, this argument is moot

because the Court will deny Plaintiff's Motion for Reconsideration.  In the alternative, Plaintiff argues that "even if the Court is inclined to appoint D[efendant]'s chosen fiscal agent, however, it must nevertheless limit the responsibilities and powers of the fiscal agent to a more reasonable degree."  (*Id.* at 1, 4.)

The Court has already held that the appointment of a fiscal agent would be beneficial and helpful to the parties involved in the instant matter.  *Julius Realty Corp.*, 2022 WL 2981003, at *7.  A fiscal agent is "generally appointed to monitor corporate record keeping or to prevent the erosion of assets on behalf of shareholders." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 560 (D.N.J. 1997) (citing *S.E.C. v. Alan F. Hughes, Inc.*, 461 F.2d 974 (2d Cir. 1972) (appointing special fiscal agent to review corporate books and to report need for receiver to dissolve corporation); *Ferguson v. Birrell*, 190 F. Supp. 506, 511 (S.D.N.Y. 1961) (appointing fiscal agent to determine the propriety of corporate disbursements)).  Pursuant to Wilen's curriculum vitae, he is qualified to act as a fiscal agent in this matter.  Wilen has more than twenty years of financial and accounting experience, is a certified public accountant, certified insolvency and restructuring advisor, chartered financial analyst, certified turnaround professional, and an accredited business valuator.  (*See* Def. Ex. A, ECF No. 127-4.)  It is evident to the Court that Wilen's experience and qualifications make him suitable for the Fiscal Agent position.  As such, the Court will appoint him as Fiscal Agent pursuant to the terms set forth in the accompanying Order.

      **B.**      **MOTION FOR RECONSIDERATION**

Following the Court's Opinion and Order filed July 28, 2022, Plaintiff filed a Motion for Reconsideration.  (ECF No. 128.)  Plaintiff argues that the Court misapplied case law and should reconsider its Order dismissing Counts 2 and 3 of the Second Amended Complaint.

7

(Reconsideration Moving Br. at 4.)  To reiterate the Court's holding in the Opinion at issue, the Court held the following with respect to Counts 2 and 3 of the Second Amended Complaint:

> Julius Realty's second count alleges a breach of Defendant's duty of care, duty of loyalty, duty of disclosure, and duty of good faith.  (Am. Compl. at ¶¶ 108–112.)  Breaches of fiduciary duties can only be brought by shareholders as derivative actions in New Jersey.  *See Tully v. Mirs*, 198 A.3d 295, 302 (N.J. App. Div. 2018).  Given that Julius Realty is the only plaintiff with standing and is the corporation rather than a shareholder, the Court finds that it has failed to allege a plausible claim.  *Cf. Furst v. Feinberg*, 54 Fed. App'x 94, 99 (3d Cir. 2002) (Delaware law prohibits direct suits of breach of fiduciary duty).
>
> Julius Realty's third count alleges that Defendant converted Julius Realty's cash, property, and an Aston Martin DB9, while Julius Realty's fourth count alleges that Defendant was unjustly enriched by virtue of her conduct.  (Am. Compl. ¶¶ 114–118, 120.)  The elements of conversion under New Jersey common law are: "(1) a benefit is conferred upon the defendant; (2) at the plaintiff's expense; (3) under circumstances that would make the defendant's retention unjust."  *Sharma v. Gupta*, Civ. No. 20-3446, 2022 WL 970544, at *5 (D.N.J. Mar. 31, 2022) (quoting *Powers v. Lycoming Engines*, 245 F.R.D. 226, 230 – 31 (E.D. Pa. 2007)).  However, New Jersey courts have held that conversion is generally captured by the breach of fiduciary duty claim unless the injury to shares is distinct.  *Tully*, 198 A.3d at 126–27 (quoting *Strasenburgh v. Straubmuller*, 683 A.2d 818, 830 (N.J. 1996)).  Given that unjust enrichment cannot lie as an independent claim as well, the Court dismisses Julius Realty's third and fourth count. *Sharma*, 2022 WL 97044, at *7.

*Julius Realty Corp.*, 2022 WL 2981003, at *6.  "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *Database Am., Inc. v. Bellsouth Advertising & Publishing Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"  *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989); *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988) (motion for

reconsideration denied when plaintiff failed to cite any pertinent case law or fact court may have overlooked). When a motion for reconsideration raises only a party's disagreement with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under . . . [Local] Rule 12I." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988). Moreover, pursuant to L. Civ. R. 7.1(i), Plaintiff must set forth "the matter or controlling decisions which [Plaintiff] believes the [Court] has overlooked."

Plaintiff argues that the Court's decision to dismiss Count Two of the Amended Complaint is based on a clear error of law because case law is clear that "suits to redress corporate injuries which secondarily harm all shareholders alike are brought only by the corporation." (Reconsideration Moving Br. at 6.) However, although Plaintiff cites *Tully* to argue that it can assert a claim directly, it fails to address the requirements that must be pled in order to do so. *Tully* explicitly states that:

> A shareholder may maintain a direct action against a corporation or its directors if the shareholder suffers a 'special injury.' *Elster v. American Airlines, Inc.*, 34 Del. Ch. 94, 100 A.2d 219 (Del. Ch. 1953)). 'A special injury exists where there is a wrong suffered by [the] plaintiff that was not suffered by all stockholders generally or where the wrong involves a contractual right of the stockholders, such as the right to vote.' [*Strasenburgh v. Straubmiller*, 146 N.J. 527, 550 (1996)] (quoting *In re Tri-Star Pictures, Inc.*, 634 A.2d 319, 330 (Del. 1993)).
> In the context of a closely-held corporation, courts have discretion to construe a derivative cause of action as a direct claim if doing so 'will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.'

457 N.J. Super. at 124–25 (citations omitted). First and foremost, Plaintiff failed to allege that a "special injury" occurred, which is grounds on its own for the Court to deny Plaintiff's Motion for Reconsideration. Furthermore, it is undisputed that Julius Realty was "the only plaintiff with standing and is the corporation *rather than a shareholder.*" *Julius Realty Corp.*, 2022 WL

9

2981003, at *6 (emphasis added).  Since the Motion for Reconsideration does not allege that Julius Realty *is* a shareholder, does not allege any new facts that were previously unavailable, and has not mentioned any new, unconsidered case law, the Court will decline to reconsider its prior ruling on that basis.

Plaintiff next argues that the Court should reconsider its dismissal of the third count of the Amended Complaint because "an injury suffered by a corporation must be redressed through a suit brought by the corporation itself."  (Reconsideration Moving Br. at 8.)  However, the Court correctly pointed out in its initial Opinion that, under New Jersey law, unjust enrichment cannot provide an independent tort claim.  *Castro v. NYT Television*, 370 N.J. Super. 282, 299 (App. Div. 2004) ("[T]he role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion."); *Nelson v. Xacta* 3000 Inc., Civ. No. 08-5426, 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009) ("New Jersey law does not recognize unjust enrichment as an independent tort cause of action").  "Thus, the only basis on which Plaintiff could theoretically rely for an independent cause of action for unjust enrichment is a contractual relationship between the Plaintiff[s] and Defendant."  *Debjo Sales, LLC v. Houghton Mifflin Harcourt Publ'g Co.,* Civ. No. 14-4657, 2015 WL 1969380, at *8 (D.N.J. Apr. 29, 2015).  Since Plaintiffs do not allege any such relationship here, the Court will not reconsider its dismissal of Count Three.

Lastly, Plaintiffs argue that the Court should reconsider its decision to appoint a fiscal agent because Defendant "is no longer involved in the operations of Julius Realty" and "there is therefore no further danger that she will cause imminent harm to the company's assets." (Reconsideration Moving Br. at 11.)  However, the Court noted that "Defendant has an equitable interest in the Litho Property because she owns shares in U.S. Eagle, the sole owner of Julius Realty and thus the Litho

Property." *Julius Realty Corp.*, 2022 WL 2981003, at *7.  This is undisputed in Plaintiffs' Reconsideration Motion.  "Given both parties' concerns about cash outflows from Julius Realty and Julius Realty's and U.S. Eagle's history of bankruptcy," the Court found that there is an imminent danger of Julius Realty's property being diminished in value or squandered.  *Id.*  Accordingly, even though Defendant may in fact no longer be involved in the operations of Julius Realty, she nonetheless has an interest in Julius Realty's operations *vis-à-vis* the Litho Property.  The Court deems that can be most properly handled via a fiscal agent that is "generally appointed to monitor corporate record keeping or to prevent the erosion of assets."  *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 560.  Accordingly, the Court will decline to reconsider its decision to appoint a fiscal agent.

      In the alternative to reconsideration, Plaintiff requests that the Court grant leave to amend its Complaint.  (Reconsideration Moving Br. at 12.)  Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to file an amended pleading] when justice so requires."  As stated by the Supreme Court of the United States, "[t]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, leave to amend the complaint should be freely given in the absence of "undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of amendment, [or] futility of amendment."  *Id*.  "[O]utright refusal to grant the leave without any justifying reason. . . is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Id.*; *see also Dole v. Arco Chemical Co.*, 921 F.2d 484, 486 (3d Cir. 1990) ("we have held consistently that leave to amend should be granted freely"); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)

("We have noted that the courts 'have shown a strong liberality . . . in allowing amendments under Rule15(a).'").

Plaintiff claims that the proposed amended complaint "addresses the court's concerns regarding the Second Amended Complaint as expressed in the July 28, 2022 Opinion and Order . . . makes some stylistic and typographic changes, as well as updates the case caption to remove all plaintiffs other than Julius Realty." (Reconsideration Moving Br. at 12.) Defendant on the other hand argues that Plaintiff's Motion to Amend its Complaint should be denied because Plaintiff failed "to attach a copy of the amended pleading it proposed to file" which are procedural grounds for denial. (Motion to Strike, at 3.)

First, Defendant mistakenly argues that Plaintiff failed "to attach a copy of the amended pleading it proposed to file." In fact, Plaintiff filed a proposed Third Amended Complaint as Exhibit C to the Declaration of David C. Roberts, Esq. in support of the Reconsideration Motion. (Pl. Ex. C, ECF No. 128-1.) The Court will therefore deny Defendant's Motion to Strike.

As to the Motion to Amend, it is evident to the Court that no party will be prejudiced by a Third Amended Complaint, as discovery has not yet occurred and no additional parties are being added to the matter. Likewise, the Court finds no undue delay, bad faith or dilatory motive burdening Plaintiff's request. As to futility, Defendants will be afforded the opportunity to raise this issue on a subsequent motion to dismiss, should they choose. Accordingly, the Court will grant Plaintiff one final opportunity to amend its Complaint and deny Defendant's Motion to Strike Plaintiff's Amended Complaint. *See Foman v. Davis*, 371 U.S. 178 (1962) (Under Rule 15(a), leave to amend is to be freely given in the absence of circumstances such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party or futility of amendment.)

## IV.  CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion to Appoint Allen Wilen as Fiscal Agent, DENY Plaintiff's Motion for Reconsideration, and GRANT Plaintiff's Motion to Amend its Complaint, and DENY Defendant's Motion to Strike.  An appropriate Order will follow.


Date: **March 31, 2023**

                                                                   s/ Zahid N. Quraishi          
                                                                   **ZAHID N. QURAISHI**
                                                                   **UNITED STATES DISTRICT JUDGE**